UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

OLIVE BRANCH ENTERPRISES, INC.

Plaintiff,

AMAZON.COM SERVICES, INC.

Defendant.

Docket Number: 1:25-CV-00240-VSB

ATTORNEY'S AFFIRMATION IN OPPOSITION TO MOTION TO COMPEL ARBITRATION

STATE OF NEW YORK )
.ss:
COUNTY OF NEW YORK )

AVROM R. VANN, ESQUIRE, an attorney at law of the State of New York and being fully admitted to practice before this Court, and not being a party to this action, hereby affirms under the penalties of perjury as follows:

1. I am the attorney for the Plaintiff, Olive Branch Enterprises, Inc. ("Olive Branch"). I execute and submit this Attorney's Affirmation in opposition to the Motion of the Defendant (hereinafter the "Motion") seeking to stay this lawsuit and compel arbitration. This Affirmation demonstrates that contrary to the assertion of Amazon there is no agreement in effect between Olive Branch and Amazon which mandates binding arbitration of the causes of action set forth in the Complaint in this lawsuit. In the absence of a binding arbitration clause covering within it the scope the causes of action in the Complaint in this action, this Court is required to deny the Motion and to hear and determine the issues in this lawsuit on the merits.

2. As is set forth and detailed in the Complaint, Olive Branch's claims and causes of action against Amazon arise out of Amazon's breach of its Account Health Assurance (AHA) (the AHA Program") with Olive Branch. The AHA Program expressly provides that Amazon

would reach out to Olive Branch in the event any issues arose with respect to the manner in which Olive Branch sold its products on Amazon and that the parties would work together for at least 72 hours to endeavor to resolve any issues before Amazon would take any steps to limit Olive Branch's continued usage of Amazon for the sale of its products. As is set forth in greater detail in the accompanying Affidavit of Joseph Oberlander, the President and sole owner of Olive Branch, without any advance notice to Olive Branch, Amazon suspended the ability of Olive Branch to sell its products on Amazon. The resulting damages to Olive Branch are enormous consisting of among other things the vast storage charges being imposed upon Olive Branch by Amazon during the time it is holding Olive Branch's inventory in reserve, financing costs on the inventory which had been purchased through financing which was intended for sale on Amazon, and the loss of the profits which would have been generated by the sale of the inventory which is presently in reserve at Amazon and which cannot be sold.

3. In its effort to stay this lawsuit and compel arbitration, Amazon has provided to this Court a copy of its Amazon Services Business Solutions Agreement [DE 20-4] (hereinafter the "Agreement") which Amazon contends constitutes the binding agreement between Amazon and Olive Branch mandating that this case be tried solely in arbitration. However, the causes of action in the Complaint are based upon an entirely separate and distinct agreement between Amazon and Olive Branch, to wit, the AHA Program, which does not contain nor incorporate the provisions of the Agreement. Likewise the Agreement itself does not make any reference whatsoever to the AHA Program.

4. In the Motion Amazon directs the attention of this Court to Section 18 of the General Terms of the Agreement and the provision for arbitration therein set forth. However, the

reliance of the Defendant on this arbitration provision is entirely misplaced since the AHA Program was entered into by and between Amazon and Olive Branch subsequent to Olive Branch having made application and been approved by Amazon to sell products on the selling platform. Amazon states that Olive Branch became bound by the terms of the Agreement when it applied to sell its products on Amazon, which as to issues arising under the Agreement (but not the causes of action in this case) Olive Branch does not dispute. Interestingly, just as Amazon contends in seeking to enforce the arbitration clause contends that Olive Branch could have executed the documents applying to become an Amazon seller account but first striking the arbitration provision [DE 18 at Page 13], Olive Branch submits that if Amazon wanted claims made under the AHA Program to be resolved in arbitration, Amazon could and should have included an arbitration provision in the AHA Program documents but did not do so.

5. In order to compel arbitration the party requesting arbitration must demonstrate both that (A) an agreement to arbitrate disputes exists and (B) that the issues being raised are encompassed within the scope of the agreement to arbitrate disputes[1]. Amazon fails to show how the causes of action in the Complaint, to wit, Amazon's breach of the AHA Program, conversion and injunctive relief, all of which are based upon the terms of the AHA Program, are within the scope of the arbitration clause contained in the Agreement. To the contrary, Amazon relies solely upon the provisions of the Agreement in its effort to compel arbitration of the causes of action, none of which arise under the Agreement and all of which arise and are based solely upon the terms and provisions of the AHA Program.

---

[1] In its Memorandum of Law in support of the Motion Amazon acknowledges that this dual requirement exists and is applicable in this case [DE 18 at Page 12].

6. Amazon does not identify anything in the complaint herein which makes reference to the Agreement or any breach thereof. While Amazon does acknowledge that the causes of action interposed by Olive Branch are based upon Amazon's failure to have abided by the terms and conditions of the AHA Program[2], and while Amazon acknowledges that prior to the making of the Motion Olive Branch made this position known to this Court and Amazon in the earlier letter sent by counsel for Olive Branch to this Court [DE 13], Amazon does not even endeavor to provide any explanation to this Court as to why a cause of action interposed under the AHA Program falls within the ambit of the arbitration clause contained in the Agreement.

7. By its express terms, the Agreement represents the entire agreement of the parties. Paragraphs 18 of the Agreement expressly states "This Agreement represents the entire agreement between the parties with respect to the Services and related subject matter and supersedes any previous or contemporaneous oral or written agreements and understandings." [ DE 20-4 at Page 11]. The AHA Program is not referred to in the Agreement, exists separately and independently of the Agreement, and is not within the scope of the provision for arbitration in the Agreement.

8. Amazon's contention that Olive Branch must submit arbitrability to the arbitrator and that issue is beyond the scope of this Court, is entirely misplaced. That principle of law applies solely where the arbitration provision is unquestionably applicable to the claims being interposed. Thus, for example in Contec Corp. v. Remote Solution Co., 398 F.3d 205, 2005 U.S. App. LEXIS 2488 (2nd Cir. 2005) relied upon by Amazon, the parties to the lawsuit

---

[2] In its Memorandum of Law, Amazon expressly acknowledges that Olive Branch asserts that its causes of action set forth in the Complaint are based upon the AHA Program [DE 18 at Page 10].

acknowledged the applicability of the arbitration clause to the dispute at issue[3]. The sole issue was whether or not a non-signatory to the arbitration clause became obligated to arbitrate disputes based upon an assignment of interests. The Court ruled in that situation that whether or not the non-party was subject to the arbitration clause was an issue for the arbitrator to determine. In contrast, in the instant case, Amazon contends that the clause in the Agreement (which is not in the AHA Program) "requires the arbitrator to determine what claims are covered by the arbitration agreement, so any dispute as to the scope of the agreement is not an issue for the Court. Even if the Court considers the issue, the claims against Amazon fall plainly within the broad 'any dispute' scope of the Agreement" DE 18 at Page 16]. Manifestly, Amazon's reliance upon provisions in the Agreement are entirely misplaced where the causes of action in the Complaint are based solely and exclusively on Amazon's breach of the AHA Program, which exist independently of the Agreement, is not incorporated in the Agreement, and was entered into by the parties long after they first entered into the Agreement, and where the Agreement specifically states that it represents the entire agreement of the parties. If Amazon intended that the arbitration provision contained in the Agreement was to be incorporated and made a part of the AHA Program, Amazon was free to include such a provision in the terms of the AHA

---

[3] Similarly in McCrae v. Oak St. Health, Inc., 2024 U.S. Dist. LEXIS 203455 (U.S.D.C. S.D.N.Y. 2024), Affirmed by McCrae v. Oak St. Health, Inc., 2025 U.S. Dist. LEXIS 21826 (S.D.N.Y., Feb. 6, 2025) [DE 18 at Page 16], a former employee thought to commence a class-action against the employer seeking to recover alleged unpaid overtime compensation. Both parties agreed that the employee had signed an employment agreement which contained a broad provision for arbitration of disputes pursuant to arbitration rules of the American Arbitration Association and accordingly the Court finding that a binding agreement to arbitrate disputes existed between the two parties applicable to the employment relationship found that other issues pertaining to the scope of the claims of the employee were to be determined by the arbitrator. Critical to this determination was the fact that the claims being made arose out of the very contract which contained the arbitration provision.

Program but it did not do so. Clearly the general rule, which is the applicable rule, requires a party seeking to compel arbitration, to establish both the existence of a binding agreement to arbitrate and a demonstration that the issues to be arbitrated fall within the scope of that binding agreement, applies. Amazon has not made any such showing to this Court nor has it even endeavored to make any such showing to this Court.

9. Amazon's contention that Olive Branch is obligated to arbitrate the issues in this case because Olive Branch previously commenced an arbitration proceeding against Amazon is entirely misplaced. To the contrary, the very fact that Olive Branch commenced and has a separate arbitration proceeding pending against Amazon for claims arising out of and relating to the Agreement, conclusively demonstrates that Olive Branch fully respects its obligations to arbitrate those disputes with Amazon which are covered by the arbitration clause in the Agreement. The claims and controversies interposed in the pending arbitration case, referred to by Amazon [DE 19], resulted from an entirely separate and distinct dispute where Amazon gave 15 days advance notice of the impending suspension of service and where no claim was made by Olive Branch of a breach of the terms of the AHA Program. In its Statement of the Claim, which is part of Olive Branch's Demand for Arbitration [DE 19-1 at Page 4], Olive Branch specifically states that on July 10, 2024 it received notification from Amazon that the account would be suspended on July 25, 2024 (15 days later) if Olive Branch did not follow specific procedures identified by Amazon. Given that Amazon fulfilled its obligations pursuant to the AHA Program, Olive Branch did not contend any breach by Amazon of the AHA Program and accordingly proceeded directly to arbitration in accordance with the terms of the Agreement. The instant case is clearly and expressly based upon a violation of the AHA Program which is

not subject to the arbitration provision of the Agreement. It is Amazon and not Olive Branch which is seeking to expand the applicability of the arbitration provision to a separate, independent and entirely distinct Program, created and envisioned by Amazon which is outside of the scope of the arbitration provision.

10. Amazon's counsel acknowledges that it was made aware of Olive Branch's position that by virtue of the fact that it's causes of action arise under the AHA Program and not the Agreement, the arbitration provision of the Agreement is inapplicable. While Amazon acknowledges this awareness [DE 18 at Pages 10-11], Amazon does not in its Memorandum of Law provide any explanation as to why claims and controversies arising under the Agreement shall be subject to binding arbitration solely because the Agreement contains an arbitration clause pertaining to disputes arising under the Agreement and where Amazon, which is the author of the AHA Program, did not incorporate any provision for binding arbitration arising from the AHA Program, either in the AHA Program nor in the Agreement.

WHEREFORE it is respectfully requested that this Court enter an Order denying the Motion, setting a date by which Amazon must Answer the Complaint and containing such other and further provisions in favor of Olive Branch which this Court deems just and equitable.

Dated: March 28, 2025

Avrom R. Vann, Esquire