UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| OLIVE BRANCH ENTERPRISES, INC., Plaintiff, - against - AMAZON.COM SERVICES, INC., Defendant. | No. 25 Civ. 240 (VSB) |

**REPLY IN SUPPORT OF**
**AMAZON'S MOTION TO COMPEL ARBITRATION**

DAVIS WRIGHT TREMAINE LLP
Geoffrey S. Brounell
Francesca Reifer
1251 Avenue of the Americas, 21st Floor
New York, NY 10020-1104
Phone: (212) 603-6404
geoffreybrounell@dwt.com
francescareifer@dwt.com

John Goldmark (*admitted pro hac vice)*
920 Fifth Avenue, Suite 3300
Seattle, Washington 98104-1610
Phone: (206) 757-8068
johngoldmark@dwt.com

*Attorneys for Defendant Amazon Services LLC, incorrectly sued as Amazon.com Services, Inc.*

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION .................... 1

II. ARGUMENT .................... 2

A. Because Plaintiff Relies Entirely On Affirmations, The Court Should Grant Amazon's Motion. .................... 2

B. In Any Event, Plaintiff's Single Argument Fails on the Merits. .................... 3

1. Plaintiff's Arguments Regarding the Scope of the Arbitration Agreement Are Delegated to the Arbitrator. .................... 4

2. The Parties' Arbitration Agreement Covers This Dispute. .................... 5

III. CONCLUSION .................... 6

CERTIFICATE OF COMPLIANCE WITH WORD COUNT LIMITATIONS .................... 7

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Altman v. Inc. Village of Lynbrook*,
2020 WL 4587751 (E.D.N.Y. Mar. 31, 2020) ........ 3

*Avillian v. Donahoe*,
2015 WL 728169, at *6-7 (S.D.N.Y. Feb. 19, 2015) ........ 3

*Contec Corp. v. Remote Sol., Co.*,
398 F.3d 205 (2d Cir. 2005) ........ 4

*CVS Pharmacy, Inc. v. Press Am.*,
377 F. Supp. 3d 359 (S.D.N.Y. 2019) ........ 4

*Dean v. Univ. at Buffalo Sch. of Med. And Biomedical Scis.*,
804 F.3d 178 (2d Cir. 2015) ........ 4

*Dejana Indus., Inc. v. Village of Manorhaven*,
2015 WL 1275474 (E.D.N.Y. Mar. 18, 2015) ........ 3

*Gustavia Home, LLC v. Hoyer*,
362 F. Supp. 3d 71 (E.D.N.Y. 2019) ........ 4

*United States v. Buff*,
2021 WL 5280246 (S.D.N.Y. Oct. 18, 2021) ........ 3

**Rules**

Local Civil Rule 7.1 ........ 3

Local Civil Rule 7.1(a) ........ 3

Local Civil Rule 7.1(a)(2)-(3) ........ 3

Local Civil Rule 7.1(a)(4) ........ 2

Defendant Amazon respectfully submits this reply memorandum of law in further support of its motion to compel Plaintiff's claims to arbitration pursuant to the FAA.[1]

## I. INTRODUCTION

Plaintiff initiated this action by way of an ex parte emergency motion, despite *being already engaged* in an active arbitration with Amazon involving Plaintiff's other seller account. At that time, Plaintiff failed to provide any explanation as to why this dispute differs from the one being resolved in arbitration. Plaintiff's opposition papers—filed late—similarly fail to provide any meaningful response to Amazon's motion to compel.

As an initial matter, however, the opposition papers should be disregarded because they fail to comply with this Court's Local Rules. It is black-letter law in this District that a party cannot oppose a motion by way of affirmations alone. Yet that is what Plaintiff attempts to do here. Plaintiff is not *pro se*, and has is no excuse for ignoring the Local Rules. The Court should deny the relief requested in the improper opposition papers and grant Amazon's Motion.

In any event, the affirmations in opposition provide no reason to deny Amazon's Motion. The law is unequivocal: when there is a valid agreement to arbitrate, and the dispute falls within the scope of the agreement, the Court must order that the dispute proceed in arbitration. Here, both elements are met. The governing contract is the BSA. Plaintiff does not dispute agreeing to the BSA and its arbitration agreement; indeed, Plaintiff concedes the BSA governs its relationship with Amazon and is currently arbitrating a dispute with Amazon pursuant to the BSA. The BSA delegates threshold arbitrability questions to the arbitrator—and so the question of whether the dispute falls within the scope of the agreement is not before this Court. Plaintiff does not cite to any authority contradicting this settled and governing law. Instead, Plaintiff argues that the dispute

[1] Amazon respectfully adopts the same abbreviations and definitions set forth in its initial memorandum of law in support of its motion, Dkt. No. 18 ("MOL").

is not within the scope of the arbitration agreement, purportedly because it relates to Plaintiff's noncompliance with Amazon's Account Health Assurance (AHA) Program. But whether the dispute falls within the scope of the agreement is properly before the arbitrator, not this Court. And even if the Court were to consider the issue, it is completely without merit. Plaintiff agreed to arbitrate "any dispute with Amazon," and "any claim . . . relating in any way" to the BSA or the use of Amazon services,[2] which includes the AHA Program at issue. Additionally, the BSA incorporates all of Amazon's policies—including the AHA Program—and thus the BSA's arbitration provision encompasses disputes related to the AHA Program for this reason as well.

Accordingly, the Court should compel Plaintiff's claims against Amazon to arbitration and dismiss those claims so that the parties may proceed in arbitration pursuant to their agreement.

## II. ARGUMENT

### A. Because Plaintiff Relies Entirely On Affirmations, The Court Should Grant Amazon's Motion.

As an initial matter, Amazon's motion to compel arbitration should be granted because Plaintiff, improperly, only submitted affirmations in opposition. Specifically, Plaintiff submitted an Affirmation of Joseph Oberlander (Dkt. No. 25), an Affirmation of Avrom R. Vann, Plaintiff's attorney (Dkt. No. 26), and, finally—filed a day late—what appears to be a single exhibit in support of the Oberlander Affirmation (Dkt. No. 27). These purported opposition papers fail to comply with this Court's Local Rules. Local Civil Rule 7.1(a)(4) requires that "[a]ll oppositions and replies with respect to motions must comply with subsections (a)(2) and (3)." Subsection (a)(2), in turn, requires "[a] memorandum of law, setting forth the cases and other authorities relied on in support of the motion, and divided, under appropriate headings, into as many parts as there are issues to be determined."

[2] Gallucci Decl., Ex. B § 18 (Dkt. No. 20-2).

In this District, failing to comply with Local Civil Rule 7.1 is sufficient grounds to deny the relief requested. *See Avillian v. Donahoe*, 2015 WL 728169, at *6-7 (S.D.N.Y. Feb. 19, 2015) ("'[F]ailure to submit a memorandum of law, standing alone, is sufficient cause for granting or denying a motion.'" (quoting *Wenzhou Wanli Food Co., Ltd. v. Hop Chong Trading Co.*, 2000 WL 964944, at *3 (S.D.N.Y. July 11, 2000))); *United States v. Buff*, 2021 WL 5280246, at *1 (S.D.N.Y. Oct. 18, 2021) ("[Defendant's] failure to file a memorandum of law in support of her motion is itself a sufficient ground upon which the Court may deny the motion.").

In addition, Plaintiff's attorney's affirmation contains citations to case law—which likewise violates Local Rule 7.1(a). Local Civ. R. 7.1(a)(2)-(3) (stating that a memorandum of law set forth "cases and other authorities" and supporting affidavits contain "any factual information and portions of the record necessary for the decision of the motion"); *Dejana Indus., Inc. v. Village of Manorhaven*, 2015 WL 1275474, at *3 (E.D.N.Y. Mar. 18, 2015) ("[U]nder Local Civil Rule 7.1, legal argument must be set forth in a memorandum of law, not in an attorney affirmation."); *Buff*, 2021 WL 5280246, at *2 ("Case law citations are not statements of fact. Therefore, they have no place in a sworn affidavit or declaration."). Courts may exercise their discretion to not consider affidavits that improperly contain legal arguments. *Altman v. Inc. Village of Lynbrook*, 2020 WL 4587751, at *7 (E.D.N.Y. Mar. 31, 2020) (declining to consider an attorney affirmation that contained legal arguments).

Accordingly, the Court should deny the relief requested in Plaintiff's purported opposition papers and grant Amazon's Motion.

**B. In Any Event, Plaintiff's Single Argument Fails on the Merits.**

Amazon notes that Plaintiff's opposition papers do not address Amazon's arguments that: (1) the BSA contains a valid arbitration agreement (MOL at 6-8), (2) the BSA's arbitration agreement delegates issues of arbitrability to the arbitrator (*id.* at 11-12), (3) Plaintiff is bound to

arbitrate under the doctrine of equitable estoppel (*id.* at 9-10), or (4) Plaintiff is bound to arbitrate under the doctrine of judicial estoppel (*id.*). Because Plaintiff fails to respond to these legal arguments, the Court should treat them as conceded. *Gustavia Home, LLC v. Hoyer*, 362 F. Supp. 3d 71, 86 (E.D.N.Y. 2019) ("[A] party concedes through silence arguments made by its opponent that it fails to address.") (internal quotes omitted); *CVS Pharmacy, Inc. v. Press Am.*, 377 F. Supp. 3d 359, 383 (S.D.N.Y. 2019) ("[A] party may be deemed to have conceded an argument by failing to address it in its briefing."); *Dean v. Univ. at Buffalo Sch. of Med. And Biomedical Scis.*, 804 F.3d 178, 187 (2d Cir. 2015) ("[G]iven their failure to address [the argument] . . . the district court assumed that Defendants conceded that issue."). Instead, Plaintiff's only argument, again improperly included in the attorney affidavit, is that his breach of contract dispute does not relate to a breach of the BSA, but rather the AHA Program. This argument, however, is not properly before this Court and, regardless, has no merit.

**1. Plaintiff's Arguments Regarding the Scope of the Arbitration Agreement Are Delegated to the Arbitrator.**

As explained in Amazon's Motion, in accepting the BSA, Plaintiff agreed to delegate threshold issues of arbitrability to the arbitrator. MOL at 11-12. Under Second Circuit law, where an agreement incorporates rules that empower an arbitrator to decide issues of arbitrability, such as the AAA Rules, "the incorporation serves as clear and unmistakable evidence of the parties' intent to delegate such issues to an arbitrator." *Contec Corp. v. Remote Sol., Co.*, 398 F.3d 205, 208, 210-11 (2d Cir. 2005) (citation omitted). Plaintiff admits that he agreed to the BSA[3] and that the BSA, through its incorporation of the AAA Rules, delegates threshold issues of arbitrability to the arbitrator. And Plaintiff does not cite any law contrary to the law cited in Amazon's Motion,

[3] *See* Vann Aff. ¶ 3 ("Amazon states that Olive Branch became bound by the terms of the [BSA] when it applied to sell its products on Amazon, which . . . Olive Branch does not dispute.") and ¶ 8 (stating that the parties entered into the AHA Program "long after they first entered into the [BSA].").

nor could he as the law is clear on this point. *See* MOL at 11-12 (citing cases). Thus, Plaintiff's arguments regarding whether the BSA covers his dispute are delegated to the arbitrator and are not properly before the Court.

**2. The Parties' Arbitration Agreement Covers This Dispute.**

Even if the Court considers Plaintiff's opposition papers, which it need not, Plaintiff's argument fails because the BSA's arbitration clause encompasses Plaintiff's claims. As explained in Amazon's Motion, the BSA is the contract governing Plaintiff's relationship with Amazon. MOL at 13. The BSA's arbitration provision covers "**any dispute with Amazon or its Affiliates or claim relating in any way to this Agreement or your use of the Services**." MOL at 4, Gallucci Decl., Ex. B § 18 (emphasis in the original). This means the arbitration agreement extends to "any dispute with Amazon" and "any dispute … relating in any way to [the BSA] or [the seller's] use of [Amazon] Services." *Id.* This dispute falls squarely within the scope of the arbitration agreement, on multiple levels.

First, Plaintiff's claims reflect "any dispute with Amazon." In its Complaint, Olive Branch disputes Amazon's decision to place its merchandise on "'reserve' status" in October 2024 and to not accept customer orders for that merchandise. Compl. (Dkt. No. 1) ¶¶ 21-22. Given that Olive Branch is challenging Amazon's decisions and actions, there is simply no way to frame the allegations in Plaintiff's Complaint as anything other than a dispute with Amazon.

Second, Plaintiff alleges its claims concern its use of and/or compliance with Amazon's AHA Program, which is undeniably an Amazon "Service" as expressly defined in the BSA. *See* Gallucci Decl., Ex. B at 6 (defining "Service" as "each of the following services: Selling on Amazon, . . . together in each case with any related services and materials we make available."). Plaintiff's claims thus relate to Plaintiff's "use of [Amazon] Services," and are within the arbitration agreement.

Finally, the BSA expressly incorporates Amazon's program policies, such as the AHA Program. *See* Gallucci Decl., Ex. B § 18 ("This Agreement incorporates and you accept the applicable Service Terms and Program Policies."). The BSA expressly defines the incorporated "Program Policies" as "all terms, conditions, policies, guidelines, rules and other information … on Seller Central including those shown on the 'Policies and Agreements' section of Seller Central or elsewhere in the 'Help' section of Seller Central." *Id.* at 6. Thus, opposing counsel's assertion that "the Agreement itself does not make any reference whatsoever to the AHA Program," Vann Aff. ¶ 3, is demonstrably false.

This dispute therefore falls within the scope of the parties' governing arbitration agreement.

## III. CONCLUSION

For the above reasons, Amazon respectfully requests that the Court enter an order compelling arbitration of Plaintiff's claims and dismissing this action without prejudice so that the parties may proceed in arbitration.

DATED this 8th day of April, 2025.

DAVIS WRIGHT TREMAINE LLP
*Attorneys for Defendant Amazon Services LLC, incorrectly sued as Amazon.com Services, Inc.*

By: */s/ Geoffrey S. Brounell*
Geoffrey S. Brounell
Francesca Reifer

1251 Avenue of the Americas, 21st Floor
New York, NY 10020-1104
Phone: (212) 603-6404
geoffreybrounell@dwt.com
francescareifer@dwt.com

John Goldmark (*admitted pro hac vice)*
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
Phone: (206) 757-8068
johngoldmark@dwt.com

## **CERTIFICATE OF COMPLIANCE WITH WORD COUNT LIMITATIONS**

I hereby certify that the word count of this reply memorandum of law complies with the word limits of Local Civil Rule 7.1(c) and Justice Broderick's Rules. According to the word-processing system used to prepare this reply memorandum of law, the total word count for all printed text exclusive of the material omitted under Local Civil Rule 7.1(c) and Justice Broderick's Rules is 1,738 words.

I certify under penalty of perjury that the foregoing is true and correct.

Dated: April 8, 2025
New York, New York

By: *<u>/s/ Geoffrey S. Brounell</u>*
Geoffrey S. Brounell